FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 JUL 31 PM 3: 27

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JONATHAN BLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-150 |
| ) | |
| GOODWILL INDUSTRIES OF ) | |
| THE COASTAL EMPIRE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint against the National Labor Relations Board on June 23, 2006, alleging that his "employers" and a local union had discriminated against him on account of his race. Doc. 1. Plaintiff failed to identify any employer in his complaint, however, and the Court directed plaintiff to file a more formal complaint containing a short and plain statement of his claim, including the name of his employer, the names of the individuals involved, and the alleged acts of discrimination. Doc. 5. Plaintiff has submitted a formal complaint of employment discrimination, naming defendant Goodwill Industries of the Coastal Empire as his employer and alleging that he was terminated based on his race and

disability. Plaintiff also indicated that he had not filed a charge of discrimination with the EEOC or received a right-to-sue letter from that agency.

Plaintiff's complaint reveals that he was employed by defendant from approximately March 9, 2000 until March 26, 2003. Attached to plaintiff's complaint is a letter from the EEOC stating that it issued plaintiff a right to sue notice on April 3, 2003 for his claims against defendant Goodwill Industries. Title VII requires that suit be filed in the district court within ninety days of the claimant's receipt of a right to sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The limitations period commences upon the claimant's receipt of the right to sue notice. <u>Stallworth v. Wells Fargo Armored Servs. Corp.</u>, 936 F.2d 522, 524 (11th Cir. 1991); <u>Norris v. Florida Dep't of Health & Rehabilitation Servs.</u>, 730 F.2d 682 (11th Cir. 1984). This ninety-day period "is not jurisdictional but is akin to a statute of limitations and is subject to equitable tolling." <u>Bryant v. U.S. Dep't of Agric.</u>, 967 F.2d 501, 504 (11th Cir. 1992); <u>Scholar v. Pac. Bell</u>, 963 F.2d 264, 266-67 (9th Cir. 1992) ("If claimant fails to file within 90-day period, the action is barred accordingly.").

It appears that plaintiff received his right to sue notice from the EEOC regarding his claims against defendant sometime in April 2003. Plaintiff did not file his complaint in this Court until June 23, 2006, over three years after the statutory ninety-day time limit had expired.[1] Plaintiff has failed to offer the Court any reason to exercise its equitable power to toll that deadline. Accordingly, plaintiff's complaint should be DISMISSED as untimely.

**SO REPORTED AND RECOMMENDED** this 27th day of **July, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff alleges that several of his previous employers also discriminated against him. These charges allegedly occurred during plaintiff's various jobs between 1971 and 1980. Even if plaintiff had named these employers as defendants in the instant complaint, these claims are extremely belated and time-barred.